UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID S.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:18-CV-05893-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

    Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

    After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide specific, legitimate reasons, supported by substantial evidence, to discount medical opinion evidence from Dr. Krueger and Dr. Clifford. Had the ALJ properly

considered these medical opinions, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

This case has a lengthy procedural history. On February 24, 2011, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of September 1, 2007. See Dkt. 9, Administrative Record ("AR") 13, 196-202, 203-08. Plaintiff later amended his alleged onset date to February 11, 2011. AR 13, 34. His applications were denied upon initial administrative review and on reconsideration. AR 13, 127-30, 131-35, 136-43. A hearing was held before ALJ Joanne E. Dantonio on August 8, 2012. AR 31-84. In a decision dated August 30, 2012, ALJ Dantonio determined Plaintiff to be not disabled. AR 10-26. The Social Security Appeals Council denied Plaintiff's request for review on December 19, 2013. AR 1-6.

On January 22, 2014, Plaintiff filed new applications for DIB and SSI. AR 1021-26, 1027-33. Plaintiff's new applications were denied initially and upon reconsideration. AR 834-40, 841-49, 853-57, 858-63.

On March 3, 2014, Plaintiff appealed ALJ Dantonio's August 30, 2012 decision to the United States District Court for the Western District of Washington ("Court"), which reversed and remanded the decision for further proceedings on October 21, 2014. AR 715-28. On January 26, 2015, the Appeals Council issued a remand order vacating ALJ Dantonio's decision and remanding the case for further proceedings consistent with the Court's order. AR 729-33. The Appeals Council also ordered the consolidation of Plaintiff's two pending applications for DIB and SSI. AR 731.

| | |
|---|---|
| 1 | ALJ Dantonio held a new hearing on February 17, 2016 and issued a revised, unfavorable |
| 2 | decision on July 11, 2016. AR 522-83, 734-55. On August 15, 2016, Plaintiff requested Appeals |
| 3 | Council review of ALJ Dantonio's decision. AR 965-72. On September 12, 2017, the Appeals |
| 4 | Council issued an order remanding the case for additional proceedings. AR 764-70. ALJ Allen |
| 5 | Erickson held a new hearing on April 24, 2018, at which Plaintiff requested a closed period of |
| 6 | disability running from February 11, 2011 through August 1, 2015. AR 480, 584-628. In a |
| 7 | decision dated July 5, 2018, ALJ Erickson determined Plaintiff to be not disabled. AR 477-494. |
| 8 | The ALJ's July 5, 2018 decision is the final decision of the Commissioner. |
| 9 | In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to properly |
| 10 | assess: (1) opinion evidence from Keith Krueger, Ph.D., Michael Brown, Ph.D., Erum Khaleeq, |
| 11 | M.D., Rashpal Raj, PA-C, Alnoor Virji, M.D., and Thomas Clifford, Ph.D.; (2) Plaintiff's |
| 12 | subjective allegations; and (3) the RFC and Step Five findings. Dkt. 13, pp. 3-16. Plaintiff |
| 13 | requests the Court remand his claims for an award of benefits. *Id.* at 16-17. |

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I. Whether the ALJ properly evaluated the medical opinion evidence.**

Plaintiff maintains the ALJ failed to properly consider opinion evidence from Dr. Krueger, Dr. Brown, Dr. Khaleeq, Mr. Raj, Dr. Virji, and Dr. Clifford. Dkt. 13, pp. 3-7, 9.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

"Other medical source" testimony, which the Ninth Circuit treats as lay witness testimony, "is competent evidence an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted. *Lewis*, 236 F.3d at 512.

A. <u>Dr. Krueger</u>

Plaintiff argues that the ALJ failed to properly assess opinions from examining psychologist Dr. Keith Krueger. Dkt. 13, pp. 3-4.

Dr. Krueger conducted a psychological/psychiatric evaluation of Plaintiff on May 24, 2011. AR 315-22. Dr. Krueger's evaluation consisted of a clinical interview, a mental status examination, and a personality assessment inventory. Based on this evaluation, Dr. Krueger

opined that Plaintiff would have moderate limitations in his ability to communicate and perform effectively in a work setting with public contact. AR 317. Dr. Krueger also opined that Plaintiff would have moderate limitations in his ability to communicate and perform effectively in a work setting with <u>limited</u> public contact. AR 317. Dr. Krueger added that Plaintiff would have a range of additional, mild work-related mental limitations. AR 317.

Dr. Krueger conducted another psychological/psychiatric evaluation of Plaintiff on June 5, 2012. AR 468-76. Dr. Krueger's evaluation consisted of a clinical interview, a mental status examination, a personality assessment inventory, and trail-making exercises. Dr. Krueger did not assess additional work-related mental limitations. The ALJ summarized Dr. Krueger's opinions and assigned them "some weight", reasoning that:

> the medical evidence, limited treatment record, and normal mental status examinations generally support the claimant having no more than moderate limitations in any area of work-related mental functioning. Greater weight is not given because the claimant's statements to Dr. Krueger do not match information contained elsewhere in the record, particularly those reporting the claimant having friends, visiting with them, and helping them to move, versus the complaints of isolation made to Dr. Krueger. Because the claimant underreported his level of social activity to Dr. Krueger, the undersigned does not fully accept the opinion that the claimant would have "significant interference" in his ability to work in a setting with public contact or limited public contact. Instead, the undersigned limits the claimant to occasional interaction with the general public.

AR 489-90. Plaintiff contends that the ALJ has not provided specific, legitimate reasons for rejecting part of Dr. Krueger's opinion. Plaintiff alleges that he did inform Dr. Krueger that his friends visit once or twice a month, and that one reference in the record to Plaintiff helping a friend move does not contradict Dr. Krueger's assessment. Dkt. 13, p. 4.

During his May 2011 interview with Dr. Krueger, Plaintiff stated that he sometimes engages in "chit-chat" with his niece but stated that he was a "loner" with very few friends and does not often interact with his niece's friends. AR 316, 318. Plaintiff stated that he has gotten

used to being alone, and "stopped caring" that he did not have friends. AR 318. Plaintiff said he had a girlfriend but stated that he did not expect the relationship to last, partly because he does not like relationships. AR 318. Plaintiff added that he calls his parents several times a month but did not have much contact with his brothers or other relatives. AR 318.

During his June 2012 interview with Dr. Krueger, Plaintiff stated that he had been staying with his brother for the past year and was getting along better with him than he did with his niece. AR 469. He said that he has two friends who visit him once or twice a month, and that they talk and watch television. AR 469. Plaintiff stated that he spent his days at home listening to talk radio and that he was "sometimes" lonely. AR 469.

The ALJ's gave Dr. Krueger's less than great weight because the statements Plaintiff made to Dr. Krueger concerning his difficulties with social interaction were inconsistent with his claims elsewhere in the record concerning his interaction with others. The ALJ's finding is not consistent with the record. For instance, when asked in a March 2011 function report how often he spends time with others, Plaintiff stated "not that often", but also stated that he had no difficulties getting along with authority figures and had never been fired from a job because of difficulties getting along with others. AR 240, 242. In a June 2011 function report Plaintiff stated that he does not go out unless he must, gets agitated with friends and family, and that people no longer enjoy his company due to his depression and mood swings. AR 268-69. Plaintiff stated that he gets along with authority figures "for the most part." AR 270.

Further, the ALJ's evaluation does not take into consideration that Plaintiff's mental health symptoms may have improved during the year between Dr. Krueger's two assessments, especially since Plaintiff began taking Celexa in May 2011. AR 340-41. Plaintiff's statements to Dr. Krueger concerning his difficulties with social interaction are broadly consistent with

statements he made elsewhere in the record, and the ALJ has not provided specific, legitimate reasons for rejecting this part of Dr. Krueger's opinion.

"[H]armless error principles apply in the Social Security context." *Molina*, 674 F.3d at 1115. An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given greater weight to Dr. Krueger's opinion, the ALJ may have included additional limitations in the RFC. For example, Dr. Krueger opined that Plaintiff would have moderate limitations in his ability to communicate and perform effectively in a work setting with public contact. AR 317. Dr. Krueger also opined that Plaintiff would have moderate limitations in his ability to communicate and perform effectively in a work setting with limited public contact. AR 317. If Dr. Krueger's opinion was given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Accordingly, the ALJ's error is not harmless and requires remand.

B. Dr. Brown

Plaintiff alleges that the ALJ erred in assessing the opinion of examining psychologist Dr. Brown. Dkt. 13, p. 4.

Dr. Brown conducted a psychological/psychiatric evaluation of Plaintiff on November 4, 2011. AR 464-67. Dr. Brown opined that Plaintiff would have moderate limitations in the ability to learn new tasks and perform routine tasks without undue supervision. AR 466. Dr. Brown opined that Plaintiff would have moderate limitations in his ability to communicate and perform effectively in a work setting with public contact. AR 466. Dr. Brown also opined that Plaintiff would have moderate limitations in his ability to communicate and perform effectively in a work setting with limited public contact. AR 466. In explaining his assessment, Dr. Brown noted that Plaintiff had an average ability to learn new tasks that was somewhat compromised by his psychiatric symptoms, noted that Plaintiff was able to complete activities of daily living independently, and added that Plaintiff had no special social fears. AR 466. The ALJ assigned "significant weight" to Dr. Brown's opinion, reasoning that:

> [c]onsistent with the claimant's symptoms of depression, Dr. Brown opined that the claimant would have no difficulty or mild difficulty understanding, remembering, and persisting in tasks following simple instructions; mild difficulty being aware of normal hazards and taking appropriate precautions; and moderate difficulties in learning new tasks, performing routines, and communicate and perform effectively in work settings with public contact and limited public contact. Accordingly, the undersigned finds that the claimant could understand, remember, and apply detailed, but not complex instructions, not in a fast-paced environment; and that he could have occasional interaction with the general public.

AR 491.

The ALJ included a limitation in the RFC that Plaintiff "could have occasional interaction with the general public." AR 485-486. Plaintiff alleges this limitation does not reflect Dr. Brown's opinion and that the ALJ should have included in the RFC limitations consistent

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

with Dr. Brown's assessment that Plaintiff would have moderate limitations in his ability to communicate and perform effectively in a work setting with public contact or limited public contact. Dkt. 13, p. 4. Plaintiff's argument appears to be predicated partly on the idea that there is a meaningful distinction between "interaction with the general public" and the ability to "communicate and perform effectively in a work setting with public contact or limited public contact." Dkt. 15, p. 3.

Plaintiff's argument is unclear as to the precise nature of this distinction, and there is no obvious contradiction between the RFC limitation to occasional interaction with the general public and the moderate limitations in communicating and perform effectively in a work setting with limited public contact assessed by Dr. Krueger and Dr. Brown. *See Shaibi v. Berryhill*, 870 F.3d 874, 879 (9th Cir. 2017) (finding no inconsistency between an RFC restriction to occasional interaction with coworkers and a medical opinion that claimant was "moderately limited" in his interaction with co-workers); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld) (citing *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 601 (9th Cir. 1999))). However, since this matter is being remanded to reconsider Dr. Krueger's opinion, the ALJ should consider, with the assistance of vocational expert testimony if necessary, whether there is a meaningful distinction between "interaction with the general public" and the ability to "communicate and perform effectively in a work setting with public contact or limited public contact", and whether the latter restriction would result in any additional RFC limitations.

C. Dr. Clifford

Plaintiff argues that the ALJ improperly evaluated the July 2011 opinion of non-examining state agency consultants Dr. Clifford. Dkt. 13, p. 9. Plaintiff argues that Dr. Clifford's opinion should have been assigned "little weight" because he did not have access to subsequent treatment and opinion evidence when assessing Plaintiff's limitations. Dkt. 13, p. 9.

The fact that Dr. Clifford did not have access to subsequent evidence when rendering his opinion does not prevent the ALJ's evaluation of his opinion being supported by substantial evidence if Dr. Clifford's opinion was consistent with independent clinical findings and other evidence in the record. *See Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002). While Dr. Clifford did not have the benefit of examining Plaintiff's medical record past July 2011, the ALJ was able to review the entire record. Here, the ALJ considered the extent to which Dr. Clifford's assessment was consistent with subsequent medical and opinion evidence when weighing his opinions. AR 491.

The ALJ relied on Plaintiff's ability to engage in social activities when assigning less weight to Dr. Clifford's opinion that Plaintiff would prefer tasks that he could perform by himself in his own time. AR 109, 123, 491. However, the ALJ appears to have relied partly on the alleged inconsistency between Plaintiff's statements to Dr. Krueger concerning his social activities in assigning less weight to this portion of Dr. Clifford's opinion. AR 491. For the reasons discussed above, the alleged inconsistency between Plaintiff's statements to Dr. Krueger does not necessarily implicate Plaintiff's credibility, and the ALJ therefore erred in rejecting a portion of Dr. Clifford's opinion for this reason. *See supra* Section I.A.

Had the ALJ given greater weight to Dr. Clifford's opinion, the ALJ may have included additional limitations in the RFC. The ALJ's rationale for rejecting part of Dr. Clifford's opinion

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

was based upon the alleged inconsistency between Plaintiff's statements to Dr. Krueger concerning his social activities. Because there was no such inconsistency, the RFC and the hypothetical questions posed to the vocational expert may have included the additional work-related limitations assessed by Dr. Krueger, which may have changed the ultimate disability determination. Accordingly, the ALJ's error is not harmless and requires remand.

### D. Dr. Khaleeq, Mr. Raj, Dr. Virji, Dr. Leinenbach

Plaintiff next alleges that the ALJ erred in assessing the opinions of examining psychiatrist Dr. Khaleeq, physician's assistant Rashpal Raj, state agency consultant Dr. Alnoor Virji and Dr. Derek Leinenbach. Dkt. 13, p. 5-7, 9. The Court has found the ALJ erred in his consideration of Dr. Kruger and Dr. Clifford's opinions and this case must be remanded for further consideration of the medical evidence. *See supra* Section I.A. As this case must be remanded, the Court declines to consider whether the ALJ erred in consideration of the remaining medical opinions. Rather, the Court directs the ALJ to re-evaluate all the medical evidence, including the opinions of Dr. Khaleeq, Mr. Raj, Dr. Virji, and Dr. Leinenbach, on remand.

**II. Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony.**

Plaintiff alleges that the ALJ erred in evaluating Plaintiff's subjective allegations concerning the severity of his physical and mental impairments. Dkt. 13, pp. 10-15. In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject Plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014).

A. Lack of Treatment

Plaintiff first argues that the ALJ erred in rejecting Plaintiff's testimony concerning the severity of his symptoms because he was unable to afford health care during the relevant period. Dkt. 13, pp. 10-12.

Social Security regulations and Ninth Circuit case law establish that an inability to afford treatment or access low cost medical services can be a legitimate reason for not seeking medical treatment. *See* Social Security Ruling ("SSR") 16-3p; *Trevizo v. Berryhill*, 871 F.3d 664, 681 (9th Cir. 2017), citing *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995) ("Disability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds."); *see also Regennitter v. Comm'r SSA*, 166 F.3d 1294, 1296 (9th Cir. 1999) ("Although we have held that 'an unexplained, or inadequately explained failure to seek treatment can cast doubt on the sincerity of a claimant's pain testimony,' we have proscribed the rejection of a claimant's complaint for lack of treatment when the record establishes that the claimant could not afford it").

In assessing Plaintiff's subjective allegations, the ALJ found that "even considering" Plaintiff's lack of health insurance there was:

> very limited evidence of medical treatment during the alleged closed period. While the claimant has alleged disability from February 11, 2011 to August 1, 2015, the majority of the relevant treatment notes are from 2011 only. In 2012, there are treatment records from March and May only, and a one time psychological evaluation for the state Department of Social and Health Services in June. There are no treatment records for the entire year of 2013 or 2014, with the only evidence from the latter being disability-related consultative medical and psychiatric examinations in February 2014. Moreover, there is no medical treatment evidence from January 1, 2015 through August 1, 2015, the alleged date that disability ended. Even with limited resources, the claimant's ability to go for 3 years without treatment of any kind indicates that his physical and mental impairments were substantially less bothersome than he has alleged, and less than totally disabling in severity.

1 | AR 487 (internal citations omitted). Plaintiff testified, for instance, that he was unable afford

2 | insulin to treat his type I diabetes. AR 593-94. Here, the ALJ took Plaintiff's inability to afford

3 | treatment into account when evaluating Plaintiff's symptom testimony.  However, the ALJ

4 | concluded that Plaintiff's lack of health insurance did not adequately explain what the ALJ

5 | characterized as the "very limited" evidence of medical treatment during the closed period. AR

6 | 487. The ALJ is permitted to consider lack of treatment in a credibility determination, which can

7 | serve as a clear, convincing, and specific reason for rejecting Plaintiff's subjective testimony. *See*

8 | *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also* SSR 16-3p ("[I]f the frequency or

9 | extent of the treatment sought by an individual is not comparable with the degree of the

10 | individual's subjective complaints, . . . we may find the alleged intensity and persistence of an

11 | individual's symptoms are inconsistent with the overall evidence of record."). The ALJ properly

12 | considered Plaintiff's lack of treatment and has provided clear and convincing reasons for

13 | rejecting his subjective allegations.

14 |     B.  Other Arguments

15 |     Plaintiff argues that the ALJ erred in finding that Plaintiff was non-compliant with his

16 | prescribed diabetes treatment. Dkt. 13, p. 11.  Plaintiff also disputes the ALJ's finding that

17 | Plaintiff was able to manage his pain symptoms with conservative treatment, that Plaintiff's

18 | symptoms "appeared to be under good therapeutic control" in February 2014, and that Plaintiff's

19 | lack of medical treatment indicates that his pain complaints "were less than totally disabling."

20 | AR 489, Dkt. 13, p. 11.

21 |     Even if the ALJ erred in evaluating Plaintiff's treatment compliance and the efficacy of

22 | his treatment regimen, such errors would be harmless because the ALJ has already provided

23 | clear and convincing reasons for discounting Plaintiff's subjective allegations. *See Batson v.*

24 |

*Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195–97 (9th Cir.2004) (applying harmless error standard where one of the ALJ's several reasons supporting an adverse credibility finding was held invalid); *see also Carmickle v. Comm' r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (explaining that the court need not uphold every reason for discounting a claimant's subjective allegations so long as the ALJ provided valid reasons). Accordingly, the Court need not address whether the ALJ provided additional clear and convincing reasons for discounting Plaintiff's subjective allegations.

**III.    Whether the ALJ's Step Five findings are supported by substantial evidence.**

Plaintiff alleges that the ALJ erred at step five of the sequential evaluation, arguing that the ALJ's RFC assessment is not supported by substantial evidence because it does not properly account for Plaintiff's subjective allegations or the limitations contained in the opinions of Dr. Krueger, Dr. Brown, Dr. Khaleeq, and Mr. Raj. Dkt. 13, pp. 15-16. The Court has directed the ALJ to reassess opinions from Dr. Krueger, Dr. Clifford, and the other medical sources which may result in additional RFC limitations. Plaintiff's RFC and the types and number of jobs available at step five may change. As such, the ALJ shall perform a new step five analysis based on a re-evaluation of the opinion evidence.

**IV.    Whether this case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 13, pp. 16-17. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for

determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The Court has determined, on remand, the ALJ must re-evaluate the medical evidence. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 17th day of July, 2019.

David W. Christel
United States Magistrate Judge